PER CURIAM.
The appellant, Jorge Robles, appeals the decision of the United States Court of Appeals for Veterans Claims that affirmed a prior Board of Veterans’ Appeals (“BVA”) decision denying him veterans’ benefits for Post-Traumatic Stress Disorder (“PTSD”). Robles v. Principi, No. 01-1561, 2003 WL 21403301 (Vet.App. June 18, 2003). Because we lack jurisdiction under 38 U.S.C. § 7292, the appellant’s appeal is dismissed.
BACKGROUND
Robles served in the Army from September 1952 to July 1954, with part of that *1006 service being combat service during the Korean War. In April 1990, he first advanced a claim for veterans’ benefits for PTSD. That claim was denied by the Department of Veterans Affairs (“VA”) Regional Office (“RO”) in August of that same year. Robles then appealed to the BVA. He included with his appeal a private psychiatrist’s evaluation diagnosing him with PTSD. Countering Robles’s evidence was a July 1990 VA psychiatric evaluation that resulted in a diagnosis of dysthymic disorder. Further, in August of 1992, a board of three VA psychiatrists examined Robles and diagnosed him with chronic dysthymia. In August 1997, the BVA reviewed the VA psychiatrist diagnoses as well as the private psychiatric diagnosis submitted by Robles. Upon reviewing the diagnoses, the BVA found that Robles did not have PTSD and denied his claim.
Robles sought review of the BVA’s decision for clear and unmistakable error (“CUE”) in June 1999. The BVA decided in May 2001 that there was no CUE in the 1997 rejection of Robles’s claim. Robles then appealed that decision to the Court of Appeals for Veterans Claims, which affirmed the BVA’s determination in June 2003. Robles v. Principi, No. 01-1561, 2003 WL 21403301 (Vet.App. June 18, 2003).
DISCUSSION
This court’s jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. While we may review questions of constitutional or statutory interpretation, we are specifically precluded from reviewing factual determinations or challenges to law or regulation as applied to facts. 38 U.S.C. § 7292(d).
In his brief, Robles presented this court with two issues:
(1) Whether 38 C.F.R. § 3.304(f) (1997) permits service connection for PTSD only when a VA physician had diagnosed the condition; and
(2) Whether the Court of Appeals for Veterans Claims erred in holding that BVA misapplication of 38 U.S.C. § 5107(b) or 38 C.F.R. § 3.102 can never constitute CUE.[1]
These two issues, while cast in purely legal terms, are not, however, appropriately presented on the facts of this case.
On the first issue, neither the BVA nor the Court of Appeals for Veterans Claims held that 38 C.F.R. § 3.304(f) required a VA diagnosis of PTSD as a matter of law. In their opinions, the BVA and the Court of Appeals for Veterans Claims found that they were more persuaded by the VA diagnoses than by the private diagnosis offered as evidence by Robles. Nowhere did the BVA or the Court of Appeals for Veterans Claims state that a VA diagnosis was required under 38 C.F.R. § 3.304(f). Instead, the BVA and the Court of Appeals for Veterans Claims weighed the evidence, as was their prerogative, and found that Robles did not have PTSD. That being a question of fact, this court does not have the jurisdiction to consider the issue presented by Robles under 38 U.S.C. § 7292(d).
On the second issue raised by Robles, 38 U.S.C. § 5107(b) (1997) states that:
Where ... there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving *1007 each such issue shall be given to the claimant.
Further, 38 C.F.R. § 3.102 states that the claimant shall be given the benefit of the doubt when there is “an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim.” Thus, both the statute and the regulation grant the claimant the benefit of the doubt when the evidence is evenly balanced between the claimant and the government.
In this case, however, the BVA did not find the evidence to be balanced between the claimant and the government. The Court of Appeals for Veterans Claims noted that the BVA found Robles’s evidence in support of his claim to be “insufficient.” Robles v. Principi No. 01-1561 at 5, 2003 WL 21403301, at *4 (Vet.App. June 18, 2003). The BVA also found that the evidence against the claim was far stronger than the evidence for the claim. The BVA finding that the facts were not in equipoise in this case precludes this court from inquiring further into its failure to apply the benefit of the doubt rule in this case. Therefore, on these facts, there is no legal issue regarding 38 U.S.C. § 5107(b) or 38 C.F.R. § 3.102 for this court to review; and this court does not have the jurisdiction to re-weigh the facts to determine whether or not that determination was correct, or to reapply 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102 to the facts. 38 U.S.C. § 7292(d).
CONCLUSION
Because review of both of the issues presented for review by the appellant would involve reviewing the application of law to fact or reviewing the determination of fact, this court lacks jurisdiction under 38 U.S.C. § 7292(d) to consider this appeal. The appellant’s appeal is therefore dismissed.

. To the extent that new arguments not raised in the briefs were advanced at oral argument, they are not considered in this opinion.